IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§ | |
| v. | § | No. 3:25-CR-251-E |
| | § | |
| JOHN WAYNE JOINER, JR.,<br>Defendant. | §<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Defendant John Wayne Joiner, Jr. filed a pro se Motion for Appointment of Counsel on Appeal on October 5, 2026. (Dkt. No. 36 ("Mot.").) The motion was referred to the undersigned magistrate judge for a hearing, if necessary, and determination pursuant to 28 U.S.C. § 636(b). (Dkt. No. 37.) The government filed a response in opposition to the motion on October 23. (Dkt. No. 39.) The Court allowed Joiner to file a reply, but the time for him to do so has passed and he did not file a reply. (*See* Dkt. No. 38.)

## I. BACKGROUND

On January 22, 2026, the Court entered an amended judgment convicting Joiner of theft of government money or property in violation of 18 U.S.C. § 641 and imposing a five-year term of probation. (Dkt. No. 25.) Included as probation conditions were requirements that Joiner not leave the federal judicial district where he is authorized to reside without approval of the probation officer and that he pay $150,000.00 in restitution in monthly installments of at least 10 percent of his gross monthly income or $50, whichever is greater. (*Id.* at 3, 4.)

On March 18, 2026, Joiner filed two pro se motions to modify these probation conditions—one seeking a reduction of his monthly restitution payments to $50, and the other to allow him to travel outside of Texas without requiring approval from the probation officer. (Dkt. Nos. 30, 31.) The Court denied Joiner's motions. (Dkt. No. 33, 34.)

On October 5, Joiner noticed an appeal of the Court's orders denying the requested modifications. (Dkt. No. 36.) He also filed the instant motion seeking appointment of counsel for his appeal. In his motion, Joiner requests appointment of counsel to represent him in his appeal under the Criminal Justice Act, 18 U.S.C. § 3006A and asks the Court provide the necessary forms for him to prove his financial eligibility. (Mot.) The Court directed the government to file a response addressing whether the Sixth Amendment requires or the Court's Criminal Justice Act Plan allows the appointment of counsel in this circumstance. (Dkt. No. 38.)

## II. LEGAL STANDARDS AND ANALYSIS

"[T]here is no constitutional right to counsel in postconviction proceedings." *Adeleke v. United States*, 550 F. App'x 237, 239 (5th Cir. 2013) (citing *United States v. Garcia*, 689 F.3d 362, 363 (5th Cir. 2012)). Once a defendant has exhausted his direct appeal, the Sixth Amendment affords him no right to the appointment of counsel. *See Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017) ("The Sixth Amendment right to counsel only 'extends to the first appeal of right, and no further.'" (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987))). Joiner was convicted several months ago, and the time for him to pursue a direct appeal has

lapsed. The Sixth Amendment does not entitle him to appointment of counsel to pursue his appeal.

As the government points out, courts have recognized that, even after conviction, the Fifth Amendment might require the appointment of counsel when "fundamental fairness" demands it. So, for example, the Supreme Court has observed that due process might require that a person facing revocation of probation have appointed counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). But situations where due process requires the appointment of counsel have been characterized as "exceptional." *See, e.g.*, *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) (rejecting argument that due process compelled appointment of counsel in connection with a government's motion to reduce sentence under Fed. R. Crim. P. 35(b)); *see also United States v. Palomo*, 80 F.3d 138, 141 (5th Cir. 1996) (same).

Joiner has not demonstrated how fundamental fairness demands the appointment of counsel here. Joiner was represented by counsel when the Court established the conditions of the probation. And there arguably could be situations when a threatened change to the status quo might substantially harm Joiner's liberty interests—such as through a modification or revocation of probation—in which fundamental fairness might support appointment of counsel. But due process does not entitle Joiner to counsel where he is seeking appellate review of an order denying requested favorable modifications of his probation conditions. *See, e.g.*, *United States v. Davis*, 400 F. App'x 538, 540 (11th Cir. 2010) (holding due process did not require

appointment of counsel in proceedings to modify restitution payments); *United States v. Sparks*, 755 F.2d 933 (6th Cir. 1985) (unpub. table decision); *cf. United States v. Culley*, 141 F. App'x 373, 373 (5th Cir. 2005) ("There is no right to appointed counsel in an appeal from the denial of [a sentence reduction] under 18 U.S.C. § 3582(c)(2).").

Nor can a right to appointed counsel be found for Joiner in 18 U.S.C. § 3006A, which provides for legal representation for a financially indigent person "when, among other circumstances, the Sixth Amendment so requires, federal law mandates representation, or the defendant faces the loss of liberty." *Davis*, 400 F. App'x at 540. Joiner's appeal of the order denying his requested modifications is none of these.

Finally, there has been no showing that the Court has discretion to obligate funds for the appointment of counsel in this circumstance. The Northern District of Texas Criminal Justice Act Plan explains that appointment of counsel is mandatory in some circumstances (e.g., persons charged with felony and Class A misdemeanor offenses, under arrest, charged with a violation of supervised release) and discretionary in others where a judge determines that "the interests of justice" require appointment of counsel (e.g., persons charged with contempt facing loss of liberty, seeking habeas relief, targeted for grand jury investigation, facing extradition). Misc. Or. 3 at § IV(A)(1)-(2). Joiner's appeal from the denial of requested probation modifications is not mentioned in either category, nor is it sufficiently analogous to any circumstance described. The CJA Plan also allows a judge to appoint counsel

"ancillary matters," but Joiner's appeal also does not fall within this provision. Misc. Or. 3 at § IV(A)(3); *see also Davis*, 400 F. App'x at 540. The Court does not find, therefore, that it can authorize the payment of appointed counsel for Joiner's appeal. And, even if the Court had discretion to obligate funds for Joiner's appeal, the Court would decline to do so in this instance.

Joiner's motion for appointment of counsel is **DENIED**. (Dkt. No. 36.)

**SO ORDERED** on November 4, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE